RELATED DDJ



FILED
CLERK, U.S. DISTRICT COURT

07/06/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

1  Lamont Garner Karriem

2  4965 S. Nellis Blvd #132

3  Las Vegas, NV  89120

4  Phone: 323.989.1201

5  montekarriem@yahoo.com

6  *Pro Se Litigant*

NO CV30

7

8

9  **UNITED STATES DISTRICT COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA**

11

12  LAMONT GARNER KARRIEM  **Case No:** 5:21-cv-01145-GW(JDE)

13  Plaintiff,  **COMPLAINT FOR DAMAGES**

14  v.  **1. Unreasonable Search and**

15  COUNTY OF RIVERSIDE;  SUPERIOR  **Seizure-False Imprisonment**

16  COURT OF CALIFORNIA, COUNTY  **and Arrest-42** *U.S.C.* **§ 1983;**

17  OF RIVERSIDE; RIVERSIDE COUNTY  **2. Malicious Prosecution-42**

18  SHERIFFS DEPARTMENT; RIVERSIDE  *U.S.C.* **§ 1983;**

19  COUNTY PUBLIC DEFENDER;  **3. Constitutional Supervisor**

20  DISTRICT ATTORNEY OF RIVERSIDE  **Liability-42** *U.S.C.* **§ 1983;**

21  COUNTY; PRESIDING JUDGE  **4. Denial of Due Process-42**

22  JOHN W. VINEYARD in his personal  *U.S.C.* **§ 1983;**

23  capacity; ASST PRESIDING JUDGE  **5. Cruel and Unusual**

24  JOHN M. MONTEROSSO in his personal  **Punishment-42** *U.S.C.* **§ 1983**

25  capacity; JUDGE ERIC A KEEN in his  **6. Conspiracy-42** *U.S.C.* **§ 1985**

26  personal capacity; JUDGE RANDALL D.  **7. Torture-18** *U.S.C.* **§ 2340**

27  WHITE in his personal capacity; SHERIFF  **8. Assault**

28  CHAD BIANCO in his personal capacity;  **9. Battery**

| | |
|---|---|
| 1  ASST SHERIFF ROBERT GUNZEL in his | **10. Intentional Infliction of** |
| 2  personal capacity; CORRECTIONAL | **Emotional Distress** |
| 3  CHIEF DEPUTY EDWARD DELGADO in | **11. California Civ Code 52.1** |
| 4  his personal capacity; DISTRICT ATTORNEY | |
| 5  MICHAEL A. HESTRIN in his personal | |
| 6  capacity; CHIEF ASST DISTRICT | |
| 7  ATTORNEY JOHN AKI in his personal | |
| 8  capacity; ASST DISTRICT ATTORNEY | |
| 9  JEANNE ROY in her personal capacity; | |
| 10  DEPUTY DISTRICT ATTORNEY | |
| 11  MAUREEN A. DUMOUCHEL in her | |
| 12  personal capacity; PUBLIC DEFENDER | |
| 13  STEVEN L. HARMON in his personal | |
| 14  capacity; ASST PUBLIC DEFENDER | |
| 15  BRIAN L. BOLES in his personal capacity; | |
| 16  ASST PUBLIC DEFENDER THOMAS M. | |
| 17  CAVANAUGH in his personal capacity; | |
| 18  DEPUTY PUBLIC DEFENDER TRACI D. | |
| 19  LUIS in her personal capacity; DEPUTY | |
| 20  PUBLIC DEFENDER MELISSA C. HALE | |
| 21  in her personal capacity; and DOES 1-3, | |
| 22  Inclusive. | |
| 23                                 Defendants. | |
| 24 | |
| 25 | |
| 26 | |

1   Plaintiff Lamont Garner Karriem ("Mr. KARRIEM" or "Plaintiff"), brings this civil
2   rights lawsuit pursuant to 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, 18 U.S.C.
3   Section 2340, and California Civil Code 52.1 to redress the deprivations by
4   DEFENDANTS, at all times herein, acting under color of state law, of rights secured
5   to Plaintiff under the United States Constitution, including the Fourth, Fifth, Sixth,
6   Eighth and Fourteenth Amendments, under federal law, and state law where
7   applicable. Plaintiff has initiated suits for comparable misconduct against other
8   defendants for events relative to the instant case  (Case Nos. 2:20-cv-07734-GW-JDE
9   and 2:20-cv-10071-GW-JDE) and hereby alleges that the instant case is not a
10  duplicative lawsuit or a lawsuit in response to one previously filed by Defendants.
11  Further, Plaintiff has the right to maintain separate actions involving the same
12  subject matter against wholly different defendants. Plaintiff is not precluded from
13  civil litigation since there is no pending state criminal prosecution, nor was there
14  ever. *Younger v. Harris,* 401 U.S. 37, 43 (1971).

15

16                          **JURISDICTION AND VENUE**

17

18  This action arises under the Constitution and laws of the United States, including 42
19  U.S.C. § 1983, 42 U.S.C. § 1985, and the laws of the  State of California. Jurisdiction
20  is conferred on this Court by 28 U.S.C. §§ 1331, and 1391(b).

21  Venue is proper in the District Court for the Central District of California pursuant
22  to 28 U.S.C. § 1391(e)(2) because a substantial part of the events giving rise to
23  Plaintiff's claims occurred in this district.

24  DEFENDANTS are found or are employed, or at the time of the incidents giving rise
25  to this suit were so employed, in the Central District of California.

26

27

1 **<u>TORT CLAIM COMPLIANCE</u>**

2 Plaintiff has exhausted his remedies, or otherwise complied with state law
3 requirements for the filing of a Tort Claim Notice pursuant to Government Code
4 Section 905, and his claims for relief herein, have either been rejected, ignored, or
5 deemed rejected as a matter of law.

6

7 **<u>INTRODUCTION</u>**

8 **<u>Plaintiff:</u>**

9 1. Plaintiff LAMONT GARNER KARRIEM  is an individual, who at all times relevant
10 hereto resided in the County of Los Angeles, California, and the County of Clark,
11 Nevada.

12

13 **<u>COUNTY DEFENDANTS</u>**

14 2. Defendant COUNTY OF RIVERSIDE ("COUNTY" or "RIVERSIDE COUNTY") is
15 a governmental subdivision of the State of California and is governed by the duly
16 elected five-member County Board of Supervisors.

17 3. COUNTY OF RIVERSIDE is responsible for the staffing, operation, supervision,
18 and maintenance of the Robert Presley Detention Center located at 4000 Orange
19 Street, Riverside, CA 92501.

20 4. Defendant COUNTY OF RIVERSIDE is responsible for the staffing, operation,
21 supervision, and maintenance of the Cois M Byrd Detention Center located at 30755-
22 B Auld Road, Murrieta, CA 92563.

23 5. Defendant COUNTY OF RIVERSIDE is responsible for the staffing, operation,
24 supervision, and maintenance of the SUPERIOR COURT of CALIFORNIA, COUNTY
25 OF RIVERSIDE located at 4050 Main Street, Riverside, CA 92501.

1    6. Defendant COUNTY OF RIVERSIDE ("COUNTY") is a municipality in corporate

2    form , organized and existing under the laws of the State of California, and has as an

3    administrative subunit thereof, the SUPERIOR COURT of CALIFORNIA, COUNTY

4    OF RIVERSIDE (referred to as "SCRC" herein), that is an administrative agency of

5    the COUNTY and is organized and existing pursuant to the laws and policies of

6    Defendant COUNTY.

7    7. SCRC is a COUNTY governmental agency organized and existing pursuant to the

8    laws and policies of Defendant COUNTY. Plaintiff alleges that COUNTY and/or

9    SCRC promulgated in written form, and/or encouraged , and/or permitted policies,

10    practices, customs, and/or procedures under which the individually named

11    DEFENDANTS committed the acts or omissions complained of herein, and of which

12    policies, practices, customs, and/or procedures, whether or not promulgated in

13    written form, encouraged or allowed to persist by Defendant COUNTY, COUNTY

14    condoned, ratified, and ignored without remediation the conduct of its judicial officer

15    DEFENDANTS pursuant to said policies, practices, customs, and procedures as

16    complained of herein.

17    8. Defendant COUNTY OF RIVERSIDE ("COUNTY") is a municipality in corporate

18    form , organized and existing under the laws of the State of California, and has as an

19    administrative subunit thereof, the RIVERSIDE COUNTY SHERIFF'S

20    DEPARTMENT (referred to as "RCSD" herein), that is an administrative agency of

21    the COUNTY and is organized and existing pursuant to the laws and policies of

22    Defendant COUNTY.

23    9. RCSD is a COUNTY governmental agency organized and existing pursuant to the

24    laws and policies of Defendant COUNTY. Plaintiff alleges that COUNTY and/or

25    RCSD promulgated in written form, and/or encouraged , and/or permitted policies,

26    practices, customs, and/or procedures under which the individually named

27    DEFENDANTS committed the acts or omissions complained of herein, and of which

28    policies, practices, customs, and/or procedures, whether or not promulgated in

29    written form, encouraged or allowed to persist by Defendant COUNTY, COUNTY

1   condoned, ratified, and ignored without remediation the conduct of its deputy sheriff

2   DEFENDANTS pursuant to said policies, practices, customs, and procedures as

3   complained of herein.

4   10. Defendant COUNTY OF RIVERSIDE ("COUNTY") is a municipality in corporate

5   form , organized and existing under the laws of the State of California, and has as an

6   administrative subunit thereof, the DISTRICT ATTORNEY of RIVERSIDE

7   COUNTY  (referred to as "RCDA" herein), that is an administrative agency of the

8   COUNTY and is organized and existing pursuant to the laws and policies of

9   Defendant COUNTY.

10   11. RCDA is a COUNTY governmental agency organized and existing pursuant to

11   the laws and policies of Defendant COUNTY. Plaintiff alleges that COUNTY and/or

12   RCDA promulgated in written form, and/or encouraged , and/or permitted policies,

13   practices, customs, and/or procedures under which the individually named

14   DEFENDANTS committed the acts or omissions complained of herein, and of which

15   policies, practices, customs, and/or procedures, whether or not promulgated in

16   written form, encouraged or allowed to persist by Defendant COUNTY, COUNTY

17   condoned, ratified, and ignored without remediation the conduct of its deputy district

18   attorney DEFENDANTS pursuant to said policies, practices, customs, and

19   procedures as complained of herein.

20   12. Defendant COUNTY OF RIVERSIDE ("COUNTY") is a municipality in corporate

21   form , organized and existing under the laws of the State of California, and has as an

22   administrative subunit thereof, the RIVERSIDE COUNTY PUBLIC DEFENDER

23   (referred to as "RCPD" herein), that is an administrative agency of the COUNTY and

24   is organized and existing pursuant to the laws and policies of Defendant COUNTY.

25   13. RCPD is a COUNTY governmental agency organized and existing pursuant to the

26   laws and policies of Defendant COUNTY. Plaintiff alleges that COUNTY and/or

27   RCPD promulgated in written form, and/or encouraged , and/or permitted policies,

28   practices, customs, and/or procedures under which the individually named

DEFENDANTS committed the acts or omissions complained of herein, and of which policies, practices, customs, and/or procedures, whether or not promulgated in written form, encouraged or allowed to persist by Defendant COUNTY, COUNTY condoned, ratified, and ignored without remediation the conduct of its deputy public defender DEFENDANTS pursuant to said policies, practices, customs, and procedures as complained of herein.

14. At all times herein mentioned Defendant COUNTY OF RIVERSIDE was and is a legal and political entity established under the laws of the State of California and the Charter of the County of Riverside, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors or its agents and officers. At all times mentioned herein the SUPERIOR COURT of CALIFORNIA, COUNTY OF RIVERSIDE  was and is a public entity under California law.

15. At all times herein mentioned Defendant COUNTY OF RIVERSIDE was and is a legal and political entity established under the laws of the State of California and the Charter of the County of Riverside, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors or its agents and officers. At all times mentioned herein the RIVERSIDE COUNTY SHERIFFS DEPARTMENT  was and is a public entity under California law.

16. At all times herein mentioned Defendant COUNTY OF RIVERSIDE was and is a legal and political entity established under the laws of the State of California and the Charter of the County of Riverside, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors or its agents and officers. At all times mentioned herein the DISTRICT ATTORNEY of RIVERSIDE COUNTY  was and is a public entity under California law.

17. At all times herein mentioned Defendant COUNTY OF RIVERSIDE was and is a legal and political entity established under the laws of the State of California and the Charter of the County of Riverside, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors or its agents and officers. At all times mentioned herein the RIVERSIDE COUNTY PUBLIC DEFENDER was and is a public entity under California law.

18. At all times mentioned herein SCRC, RCSD, RCDA, and RCPD provided law enforcement, judicial oversight, and indigent defense services pursuant to a written or oral agreement with COUNTY OF RIVERSIDE. Pursuant to Cal. Gov. Code § 815.2(a), the Defendants COUNTY OF RIVERSIDE, SCRC, RCSD, RCDA, and RCPD are vicariously liable under 42 U.S.C. §§ 1983 and 1985 for injuries proximately caused by acts or omissions of their employees within the scope of their employment.

19. As the employer of judicial officers, sheriffs, deputy sheriffs, district attorneys, public defenders, and their supervisors, COUNTY and/or SCRC and/or RCSD and/or RCDA and/or RCPD had primary responsibility for the training, education, and supervision of judicial officers, sheriffs, deputy sheriffs, district attorneys, public defenders, SCRC personnel, RCSD personnel, RCDA personnel, RCPD personnel, and respective supervisory personnel, and either did not train as specified herein, or did not adequately supervise its employees.

20. Plaintiff further alleges that COUNTY, SCRC, RCSD, RCDA, RCPD failed to institute training, or adequately train/supervise employees situated such as the individually named DEFENDANTS herein, regarding, among other things:

1     **a.** the meaning, intent, and contours of the Fourth, Fifth, Sixth, Eighth and

2       Fourteenth Amendments to the United States Constitution as relevant in the

3       context of due process of law;

4

5     **b.** the meaning, intent, and contours of 18 U.S.C. § 2340 concerning the legal

6       definition of torture;

7

8     **c.** the meaning, intent, and contours of the Civil Rights Act of 1964 relative to its

9       guaranty to all citizens equal protection under the law;

10

11     **d.** the meaning, intent, and contours of 18 U.S.C. § 242 relative to deprivation of

12       rights, under color of law inclusive of kidnapping.

13 21. Further, in regards to the creation and/or maintenance of a policy, practice,

14 custom, usage, and/or procedure, COUNTY, SCRC, RCSD, RCDA, RCPD,

15 maintained, implemented, or maintains the following written and/or unwritten

16 policies, practices, customs, and procedures, and/or repeatedly ratifies, condones, and

17 authorizes adherence by judicial officers, sheriffs, deputy sheriffs, deputy district

18 attorneys, and deputy public defenders of COUNTY, SCRC, RCSD, RCDA, and RCPD

19 to the following, policies, practices, customs, usage and/or procedures:

20     **a.**    an intentional failure to control or discipline judicial officers, sheriffs, deputy

21       sheriffs, deputy district attorneys, and deputy public defenders who sanction,

22       support and conceal violence, excessive force, and unreasonable searches

23       and seizures committed by law enforcement personnel;

24

25

1     **b**. provides resources in support of a culture of violence, discriminatory
2         treatment, and official misconduct against members of racial and other
3         minority groups;

4

5     **c**. implementation of strategies to avoid or minimize the consequences of official
6         misconduct by defendant judicial officers, sheriffs, deputy sheriffs, deputy
7         district attorneys and deputy public defenders;

8

9     **d**. implementation of strategies to discourage the filing and investigation of
10       civilian complaints as they relate to official misconduct;

11

12     **e**. an intentional failure to adopt adequate personnel practices to protect the
13       legal and constitutional rights of citizens of the communities they serve.

14

15  22. Plaintiff is informed and believes and hereon alleges that the aforementioned lack
16  of training, and/or inadequate training, as well as the maintenance of the aforesaid
17  policies, practices, customs, and procedures, constitute a basis for governmental
18  liability in this case pursuant to the *Monell* theory of liability, and hereby seeks to
19  hold COUNTY/SCRC/RCSD/RCDA/RCPD individually liable and/or responsible in
20  whole or in part for the conduct of the individual DEFENDANTS and the damages
21  naturally resulting therefrom.

22  23. Plaintiff hereby sues all agencies and departmental units of COUNTY specified
23  hereinabove under the designation of COUNTY herein, and/or COUNTY
24  DEFENDANTS, and/or SCRC, and/or RCSD, and/or RCDA, and/or RCPD
25  interchangeably.

26  24. The actions and failures to act of each individually named Defendant who is not
27  an entity herein, are alleged in the alternative to have been conducted or failed to
28  have been performed either in their personal capacities, or as employees of their

1  respective employing entity COUNTY DEFENDANTS on behalf of such entity
2  COUNTY DEFENDANTS and under color of state law.

3  25. Defendants Public Defender STEVEN L HARMON in his personal capacity;
4  Assistant Public Defender BRIAN L BOLES in his personal capacity; Assistant
5  Public Defender THOMAS M CAVANAUGH in his personal capacity; Deputy Public
6  Defender TRACI D LUIS in her personal capacity; Deputy Public Defender MELISSA
7  C HALE in her personal capacity; District Attorney MICHAEL A HESTRIN in his
8  personal capacity; Chief Assistant District Attorney JOHN AKI in his personal
9  capacity; Assistant District Attorney JEANNE ROY in her personal capacity; Deputy
10 District Attorney MAUREEN A DUMOUCHEL in her personal capacity; Sheriff
11 CHAD BIANCO in his personal capacity; Undersheriff DOE 1 in his personal
12 capacity; Assistant Sheriff ROBERT GUNZEL in his personal capacity; Correctional
13 Chief Deputy EDWARD DELGADO in his personal capacity; Correctional Captain
14 DOE 2 in his personal capacity; Correctional Captain DOE 3 in his personal capacity,
15 Presiding Judge JOHN W VINEYARD in his personal capacity; Assistant Presiding
16 Judge JOHN M MONTERRO in his personal capacity; Judge ERIC A KEEN in his
17 personal capacity; and Judge RANDALL D WHITE in his personal capacity; whose
18 acts as alleged herein were performed in their personal capacity, under color of state
19 law as employees of Defendant COUNTY OF RIVERSIDE, were at all times material
20 hereto, upon Plaintiff's information and belief, a public defender, and/or assistant
21 public defender, and/or deputy public defender, and/or district attorney, and/or chief
22 assistant district attorney, and/or assistant district attorney, and/or deputy district
23 attorney,  and/or sheriff, and/or undersheriff, and/or assistant sheriff, and/or
24 correctional chief deputy, and/or correctional captain, and/or judicial officer, and/or
25 presiding judge, and/or assistant presiding judge employed by Defendants COUNTY
26 OF RIVERSIDE and/or SCRC and/or RCDA and/or RCPD and/or RCSD.

27 26. At all times herein mentioned Defendant STEVEN L HARMON was and is the
28 duly appointed Public Defender of Riverside County, and in such capacity was and is
29 the manager and chief administrator of the RCPD. HARMON was and is responsible

1  for, among other things, the employment, discharge, training, supervision, control,
2  assignment and discipline of all personnel of the RCPD, and the formulation,
3  promulgation, adoption, application, implementation, administration, enforcement
4  and revocation of the policies and practices of RCPD.

5   27. At all times herein mentioned Defendant BRIAN L BOLES  was the Assistant
6  Public Defender of RCPD, and as such, was second in command of RCPD, assisting
7  and aiding the Public Defender in the performance of his duties.

8  28. At all times herein mentioned Defendant THOMAS M CAVANAUGH  was the
9  Assistant Public Defender of RCPD, and as such, was second in command of RCPD,
10  assisting and aiding the Public Defender in the performance of his duties.

11  29. At all times herein mentioned Defendant TRACY D LUIS was a Deputy Public
12  Defender of RCPD, assisting and aiding the Public Defender and Assistant Public
13  Defender in the performance of their duties.

14  30. At all times herein mentioned Defendant MELISSA C HALE was a Deputy Public
15  Defender of RCPD, assisting and aiding the Public Defender and Assistant Public
16  Defender in the performance of their duties.

17  31. At all times herein mentioned Defendant MICHAEL A HESTRIN was and is the
18  duly elected District Attorney of Riverside County, and in such capacity was and is
19  the manager and chief administrator of the RCDA. HESTRIN was and is responsible
20  for, among other things, the employment, discharge, training, supervision, control,
21  assignment and discipline of all personnel of the RCDA, and the formulation,
22  promulgation, adoption, application, implementation, administration, enforcement
23  and revocation of the policies and practices of RCDA.

24  32. At all times herein mentioned Defendant JOHN AKI  was  the Chief Assistant
25  District Attorney of RCDA, and as such, was  second in command of RCDA, assisting
26  and aiding the District Attorney in the performance of his duties.

1   33. At all times herein mentioned Defendant JEANNE ROY was an Assistant District
2   Attorney of RCDA, and as such, assisted and aided the District Attorney and Chief
3   Assistant District Attorney in the performance of their duties.

4   34. At all times herein mentioned Defendant MAUREEN A DUMOUCHEL was a
5   Deputy District Attorney with RCDA and assisted and aided the RIVERSIDE
6   COUNTY DISTRICT ATTORNEY in the performance of its duties.

7   35. At all times herein mentioned Defendant CHAD BIANCO was and is the duly
8   elected Sheriff of Riverside County, and in such capacity was and is the manager and
9   chief administrator of the RCSD. BIANCO was and is responsible for, among other
10  things, the employment, discharge, training, supervision, control, assignment and
11  discipline of all sworn and civilian personnel of the RCSD, and the formulation,
12  promulgation, adoption, application, implementation, administration, enforcement
13  and revocation of the policies and practices of RCSD.

14  36. At all times herein mentioned Defendant DOE 1 was the Undersheriff of RCSD,
15  and as such, was second in command of RCSD, assisting and aiding the Sheriff in the
16  performance of his duties.

17  37. At all times herein mentioned Defendant ROBERT GUNZEL was and is an
18  Assistant Sheriff of RCSD, who assists and aids the Sheriff in the performance of his
19  duties, and in particular, he, together with the Undersheriff, is responsible for the
20  administration of disciplinary policies and procedures within RCSD, subject to the
21  Sheriff's overall responsibility therefor.

22  38. At all times herein mentioned Defendant EDWARD DELGADO was and is a
23  Correctional Chief Deputy of RCSD, who assists and aids the Sheriff in the
24  performance of his duties, and in particular, he, together with the Assistant Sheriff,
25  is responsible for the administration of disciplinary policies and procedures within
26  RCSD, subject to the Sheriff's overall responsibility therefor.

27

39. At all times herein mentioned Defendant JOHN W. VINEYARD was the Presiding Judge for the SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE ("SCRC") with charge of the courts' dockets and assignment of all cases therefrom. VINEYARD also had the authority to transfer cases among judges as may be required, aid other judges, and was responsible for the overall operation and performance of the judges assigned to SCRC. VINEYARD was responsible for taking reasonable measures to assure prompt disposition of matters before the judges he supervised and the proper performance of their other judicial responsibilities.

40. At all times herein mentioned Defendant JOHN M MONTEROSSO was the Assistant Presiding Judge for the SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE ("SCRC") and as such, assisted and aided JOHN W VINEYARD in the performance of his duties. MONTEROSSO also aided other judges and was responsible for the overall operation and performance of the judges assigned to SCRC. MONTEROSSO was responsible for taking reasonable measures to assure prompt disposition of matters before the judges he supervised and the proper performance of their other judicial responsibilities.

41. At all times herein mentioned Defendant ERIC A KEEN  was and is a Superior Court Judge for the SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE ("SCRC") with responsibility for application of law, rulings, hearings, orders, and supervision of the court's officers and administrative staff.

42. At all times herein mentioned Defendant RANDALL D WHITE  was and is a Superior Court Judge for the SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE ("SCRC") with responsibility for application of law, rulings, hearings, orders, and supervision of the court's officers and administrative staff.

43. At all times herein mentioned Defendants DOE 2 and DOE 3 were Correctional Captains of RCSD, who assisted and aided the Correctional Chief Deputy in the performance of his duties, and in particular, they, together with the Assistant Sheriff,

1   were responsible for the administration of disciplinary policies and procedures within

2   RCSD, subject to the Sheriff's overall responsibility therefor.

3   44. Plaintiff is unaware of the true names of those DEFENDANTS sued here as

4   DEFENDANTS DOE 1-3, and therefore sues these DEFENDANTS using their

5   fictitious names. Plaintiff will amend this complaint to allege each Defendant's true

6   name when that information becomes known. Plaintiff is informed and believes that

7   each of these DOE DEFENDANTS is legally responsible and liable for the incident,

8   injuries, and damages alleged in this complaint, and that each of these

9   DEFENDANTS illegally caused the injuries and damages complained of by reason of

10  intentional, willful, and wanton misconduct and otherwise causing the incidents,

11  conditions, and circumstances set forth in this complaint.

12  45. Plaintiff may from time to time herein, refer to all COUNTY employee

13  DEFENDANTS noted hereinabove, collectively as "COUNTY DEFENDANTS".

14

15  ## GENERAL ALLEGATIONS

16  46. Personal-capacity suits seek to impose individual liability upon a government

17  officer for actions taken under color of state law. (*Hafer v Melo* (U.S. 1991) 502 U.S.

18  21, 25.) Thus, on the merits, to establish *personal* liability in a §1983 action, it is

19  enough to show that the official, acting under color of state law, caused the

20  deprivation of a federal right. (*Id.* at 25) The plaintiff in a personal-capacity suit need

21  not establish a connection to "policy or custom." (*Id.* at 25)

22  47. In contrast, official-capacity suits generally represent only another way of

23  pleading an action against an entity of which an officer is an agent, i.e., suits against

24  state officials in their official capacity therefore would be treated as suits against the

25  State. (*Id.* at 25) Indeed, when officials sued in this capacity in federal court die or

26  *leave office, their successors automatically assume their roles in the litigation.* (*Id.* at

27  25) Because the real party in interest in an official-capacity suit is the governmental

1   entity and not the named official, the entity's "policy or custom" must have played a
2   part in the violation of law. (*Id.* at 25)

3   48. California Civil Code 52.1 allows a plaintiff to file a lawsuit against those who
4   interfere or attempt to interfere by "threats, intimidation or coercion" with the
5   plaintiff's exercise or enjoyment of any state or federal constitutional right. (Cal. Civ.
6   Code § 52.1(a)-(b).)

7   49.  There are currently six actions filed within  the Central District of California and
8   the District of Nevada by Plaintiff  for events relative to the instant case. Plaintiff is
9   informed and believes, and therefore alleges that the pattern of official misconduct,
10   deprivation of rights, and cruel and unusual punishments, complained of within the
11   body of the aforementioned actions reveals itself yet again in the instant case.

12   50. On June 7, 2019, Mr. KARRIEM was taken into custody by members of the
13   Riverside County Sheriff's Department. Mr. KARRIEM had been officially released
14   from the custody of the Los Angeles County Sheriff's Department but was "held over"
15   until RCSD could arrange for his transport to Riverside County.

16   51. Based on information and belief Plaintiff alleges that the aforementioned transfer
17   of his physical custody from the Los Angeles County Sheriff's Department to the
18   RIVERSIDE COUNTY SHERIFF'S DEPARTMENT was unlawful as there was no
19   probable cause declaration or warrant of arrest that would authorize his physical
20   *arrest by the RCSD, let alone his transport to* COUNTY OF RIVERSIDE. Mr.
21   KARRIEM alleges that this illegal transfer of his physical custody was done with the
22   agreement of the Los Angeles County District Attorney's Office and the RIVERSIDE
23   COUNTY DISTRICT ATTORNEY's office in their continued efforts to conceal the
24   official misconduct and deprivation of rights complained of within the six actions filed
25   in the Central District of California and the District of Nevada relative to the instant
26   case.

1    52. Mr. KARRIEM was transported to the Robert Presley Detention Center by RCSD
2    transport and was booked, photographed, and fingerprinted. Plaintiff was eventually
3    housed in the general population of the jail.

4    53. Based on information and belief, Plaintiff alleges that over the course of the next
5    twenty-two days, the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT attempted
6    to elicit, discover, or establish evidence of criminal activity attributable to Plaintiff in
7    an effort to assist the DISTRICT ATTORNEY of RIVERSIDE COUNTY. Plaintiff
8    alleges that this was done in clear violation of his Fourth Amendment protections
9    against unlawful searches and seizures.

10   54. Plaintiff alleges that the behavior described above is akin to hostage taking if it
11   is done without lawful supervision or consent and is contrary to the constitutionally
12   protected rights of United States citizens. Additionally, Plaintiff alleges that the
13   conduct of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT  in the instant
14   case is best described as lawlessness and placed the Plaintiff within constant and
15   continuous proximity to physical danger. Plaintiff alleges that this was done in clear
16   violation of his Eighth Amendment protections against cruel and unusual
17   punishments.

18   55. Plaintiff was held captive within the COUNTY OF RIVERSIDE Jail System,
19   which has a well-deserved reputation for violence and  constant overcrowding.

20   56. Based on information and belief, Plaintiff alleges that the COUNTY OF
21   RIVERSIDE Jail System is operated and staffed by the RIVERSIDE COUNTY
22   SHERIFF'S DEPARTMENT and by extension the employees of Defendant COUNTY.

23   57. Plaintiff alleges that he endured captivity at two locations under the direct
24   supervision and control of Defendant COUNTY and RCSD including the Robert
25   Presley Detention Center located at 4000 Orange Street Riverside CA  92501.

26   58. Plaintiff alleges that he endured captivity at two locations under the direct
27   supervision and control of Defendant COUNTY and RCSD including the Cois M Byrd
28   Detention Center located at 30755-B Auld Road Murrieta CA  92563.

1    59. Plaintiff alleges that he experienced more than what is commonly referred to as

2    false imprisonment. This argument is based in part on the duration of time he was

3    imprisoned without judicial authority or lawful purpose, as well as the alleged

4    motivation behind his captivity; the attempted concealment of federal hate crimes

5    visited upon him by the Los Angeles County Sheriff's Department. During this period

6    of confinement, Plaintiff was made to endure all manner of persecution; from solitary

7    confinement, loss of liberty, isolation, sleep deprivation, physical restraints, lack of

8    food and water, and disconnect from any contact or communication with individuals

9    from the outside world that may have been able to come to his aid.  While these

10    conditions are typical and expected for inmates or prisoners in our jails and prisons,

11    this is a unique circumstance in that the Plaintiff was never lawfully charged with

12    having committed a crime. It is the position of the Plaintiff that in the absence of

13    probable cause or judicial authorization, his arrest and detention is not only unlawful

14    and contrary to the U.S. Constitution; it is a clear example of the torture of a U.S.

15    citizen on home soil at the hands of governmental entities. For COUNTY

16    DEFENDANTS  to act as they did without judicial authorization is tantamount to

17    hostage taking.

18    60. Plaintiff alleges that this period of detention at the hands of the RIVERSIDE

19    COUNTY SHERIFF'S DEPARTMENT without judicial authorization or executive

20    authorization denied his constitutional right to due process of law. Plaintiff alleges

21    *that he was held captive, without legitimate legal process in the land of the free, home*

22    of the brave, the land of his birth; the United States of America, courtesy of the

23    RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

24    61. Pursuant to 18 U.S.C. § 2340:

25    (1) "torture" means an act committed by a person acting under the color of law

26    specifically intended to inflict severe physical or mental pain or suffering (other than

27    pain or suffering incidental to lawful sanctions) upon another person within his

28    custody or physical control;

1   (2) "severe mental pain or suffering" means the prolonged mental harm caused by or

2   resulting from:

3      (A) the intentional infliction or threatened infliction of severe physical pain or

4         suffering;

5      (B) the administration or application, or threatened administration or application,

6         of mind- altering substances or other procedures calculated to disrupt

7        profoundly the  senses or personality; and

8      (C) "United States" means the commonwealth of the United States, the District of

9         Columbia, and the commonwealths, territories, and possessions of the United

10        States.

11   62. Torture potentially violates the Fourth, Fifth, and Eighth Amendment. The

12   standards for identifying those violations ask, respectively, whether physical or

13   psychological force is "excessive", "shocks the conscience", or is "cruel or unusual". *See*

14   *Graham* 490 U.S. at 394-397 and *Lewis* 523 U.S. at 846-847 and Eighth Amendment.

15   See also *Bell v. Wolfish* 441 U.S. 520, 535 & n.16 (1979), *Ingraham v. Wright* 430 U.S.

16   651, 671 n.40 (1977), *Chavez* 538 U.S. at 774-75, *Tennessee v. Garner* 471 U.S. 1, 13-

17   19 (1985), *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981)

18   63. The Convention against Torture defines torture as "any act by which severe pain

19   or suffering, whether physical or mental, is intentionally inflicted on a person for such

20   purposes as obtaining from him or a third person information or a confession…"

21   (Art.1). It may be "inflicted by or at the instigation of or acquiescence of a public

22   official or other person acting in an official capacity."

23   64. Based on information and belief, Plaintiff alleges that international law also

24   prohibits mistreatment that does not meet the definition of torture, either because

25   less severe physical or mental pain is inflicted, or because the necessary purpose of

1    the ill-treatment is not present. It affirms the right of every person not to be subjected

2    to cruel, inhumane, or degrading treatment.

3    65. The U.S. Supreme Court has recognized, "Coercion can be mental as well as

4    physical…the blood of the accused is not the only hallmark of an unconstitutional

5    inquisition." *Miranda v Arizona*, 384 U.S. 436, 448, (1966), citing *Blackburn v. State*

6    *of Alabama,* 361 U.S. 199 (1960)

7    66. According to the 1999 Initial Report of the United States U.N. Committee against

8    Torture, in the United States, the use of torture "is categorically denounced as a

9    matter of policy and as a tool of state authority…No official of the government,

10   federal, state or local, civilian or military, is authorized to commit or to instruct

11   anyone else to commit torture. Nor may any official condone or tolerate in any

12   form…Every act of torture within the meaning of [Convention against Torture] is

13   illegal under existing federal and state law, and any individual who commits such an

14   act is subject to penal sanctions as specified in criminal statutes."

15   67. Based on information and belief, Plaintiff alleges that torture violates rights

16   established by the Bill of Rights. The Fourth Amendment encompasses the right not

17   to be abused by the police. The Fifth and Fourteenth Amendments encompass the

18   rights to due process of law and are meant to ensure fundamental fairness in the

19   criminal justice system. The Eighth Amendment encompasses the right to be free

20   from cruel or unusual punishment.

21   68. The U.S. Supreme Court has condemned the use of force amounting to torture or

22   other forms of ill-treatment during interrogations, including such practices as

23   whipping, slapping, depriving a victim of food, water, or sleep, keeping him naked or

24   in a small cell for prolonged periods, holding a gun to his head, or threatening him

25   with mob violence.

26   69. 18 U.S.C. § 242 makes it a criminal offense for any public official to willfully

27   deprive a person of any right protected by the Constitution or laws of the United

28   States. Plaintiff alleges that COUNTY DEFENDANTS are by definition a public

1  official tasked with operations in furtherance of the public good. As such, all
2  COUNTY DEFENDANTS are in violation of 18 U.S.C. § 242 stemming from the false
3  arrest, detention, captivity, and abuse of process visited upon the Plaintiff, which
4  began on or about June 7, 2019.

5  70. Executive Order No. 13491, 74 C.F.R. 4893 (2009)-[A]ny act by which severe pain
6  or suffering, whether physical or mental, is intentionally inflicted on a person for such
7  purposes as obtaining from him or a third person information or a confession…when
8  such pain or suffering is inflicted by or at the instigation of or with the consent or
9  *acquiescence of a public official or other person acting in an official capacity.*

10                          ALMERINDO E. OJEDA

11  71. Psychological Torture is the intentional infliction of suffering *without resorting*
12  *to physical violence.*

13  All instances of Psychological Torture must satisfy four criteria:

14  1. Suffering

15  2. Infliction

16  3. Deliberateness

17  4. Lack of *direct* physical violence (*indirect* physical violence is always present with
18  torture.)

19                          Categories of Psychological Torture

20  Isolation: solitary or quasi-solitary confinement

21  Debilitation: food, water, and sleep deprivation; extreme temperatures

22  Spatiotemporal disorientation: confinement in small places; natural light denial

23  Sensory deprivation: hoods, goggles, gloves, deodorizing masks

24  Sensory assault: shouting, loud music, bright lights

25  Desperation: indefinite detention, sense of futility

26  Threats: of death or violence, to self or others, mock executions, witness torture

27  Pharmacological manipulation: tranquilizers, hallucinogens

28  *See* Amnesty International (1975, 53), Allodi et al. (1985, 63), Miles (2006, 8f)

1                                     HERNAN REYES

2    72. Torture during interrogation often includes methods that do not physically

3    assault the body or cause actual physical pain-and yet entail severe psychological

4    pain and suffering and profoundly disrupt the senses and personality. Solitary

5    confinement and prolonged sleep deprivation are just two examples of these

6    psychological torture methods. Even psychological methods which do not amount to

7    ill-treatment when considered in isolation, amount to inhuman or degrading

8    treatment or torture, when applied in conjunction with other techniques,

9    cumulatively and/or over a long time. Often they are part and parcel of the whole

10   torture process and constitute a "background environment" of harassment and

11   duress. The "cumulation over time" factor must thus be considered as part of a system

12   of psychological torture.

13   73. Severe sexual and cultural humiliations e.g.; strip searches  and cavity searches

14   such as those administered at Defendant COUNTY/RCSD Robert Presley Detention

15   facility in Riverside, CA.

16   74. The use of various forms of humiliation, degrading treatment, threats, hunger,

17   cold, isolation, and other psychological methods during interrogations and detentions

18   was found to cause "persisting and paranoid anxieties, re-arousal by specific

19   situations; persecution dreams, mood disturbances, suicidal tendencies, and

20   shattering of confidence."-*Fortschr Neurol Psychiatr*, Vol. 59, No. 7, July 1991, pp.

21   251-65.

22   75. Victims of psychological torture present symptoms associated with anxiety

23   disorders. These symptoms undoubtedly cause disruption of the senses and

24   personality. The psychological effects of torture that are most frequently encountered

25   include:

26   (a) re-experiencing the experience (flashbacks, nightmares, stress reactions,

27         *mistrust-even of family members-bordering on paranoia);*

28

1      (b) avoidance of anything recalling the torture experience (also called emotional

2          numbing);

3      (c) hyper-arousal (irritability, sleep difficulties, hyper-vigilance, constant anxiety,

4          difficulties in concentrating);

5      (d) depressive symptoms, and what is known as depersonalization (acknowledged

6          atypical behavior, feeling detached from one's body)

7

8    76. Psychological torture methods are often combined with other "non-physical"

9    methods, which may seem insignificant considered individually but whose constant

10   repetition and cumulation over time create a background environment that is

11   precisely intended to accentuate the other methods. Some examples include:

12   Constant taunting;

13   Verbal abuse;

14   Intimidations;

15   Insulting the honor of a family member;

16   Spitting in someone's meal;

17   Petty humiliations (always linked to cultural values);

18   Petty and less petty harassments;

19   Repeated exasperation provoked on purpose;

20   Enforced artificial light 24 hours per day;

21   Lack of privacy exploited purposely to mock sensitivities;

22   Verbal threats of further torment-whether realistic or not;

23   Repeated annoyances petty in themselves but magnified out of proportion by the
24   context.

25

26   77. Plaintiff alleges that a substantial component of the psychological torture that

27   was inflicted upon him was the charade of a criminal prosecution itself.

28   DEFENDANTS coordinated with the Los Angeles County District Attorney's office in

29   order to pursue formal charges against Plaintiff with the understanding that no

1    probable cause or judicial authorization existed that would allow or endorse the
2    arrest, detention, or prosecution of the Plaintiff for any crime.

3    78. Mr. KARRIEM alleges that he was made to appear for arraignment on June 11,
4    2019, and transported to SUPERIOR COURT of CALIFORNIA, COUNTY OF
5    RIVERSIDE  before Judge ERIC A KEEN in Department 53.

6    79. Plaintiff refused to enter a plea in the matter, which if he had, would have waived
7    his right to challenge the jurisdiction of the court.

8    80. The matter was continued to June 25, 2019, at the request of RCPD and RCDA,
9    in violation of Penal Code 1050 PC. The motion to continue was granted and
10   unopposed by Defendants MELISSA C HALE, TRACI D LUIS or MAUREEN A
11   DUMOUCHEL, without the knowledge or consent of Plaintiff, and without timely
12   written notice by either party.

13   81. Mr. KARRIEM is informed and believes and therefore alleges that
14   KEEN,DUMOUCHEL, HALE and LUIS understood that they possessed no legal
15   right to hold the Plaintiff to answer for any charge at the time of this arraignment.

16   82. Plaintiff alleges that he was denied his Sixth Amendment right to effective
17   assistance of  counsel during a criminal proceeding by the coordinated efforts of
18   KEEN, DUMOUCHEL, HALE and LUIS.

19   83. Plaintiff alleges that he was denied his Fifth Amendment right to due process of
20   law by the coordinated efforts of Defendants KEEN, DUMOUCHEL, HALE, LUIS
21   and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

22   84. Plaintiff alleges that he was denied his Eighth Amendment protections against
23   cruel and unusual punishments by the coordinated efforts of  KEEN, DUMOUCHEL,
24   HALE, LUIS and the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

25   85. Based on information and belief, Plaintiff alleges that any continued restraint on
26   his personal liberty from the date of this arraignment is done with malicious intent
27   and with the coordination, participation and approval of the SUPERIOR COURT OF

1   CALIFORNIA; COUNTY OF RIVERSIDE, RIVERSIDE COUNTY PUBLIC
2   DEFENDER, DISTRICT ATTORNEY OF RIVERSIDE COUNTY, and the
3   RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. Defendants KEEN,
4   DUMOUCHEL, HALE and LUIS were present on the date of this arraignment and
5   clearly understood that there existed no probable cause to arrest or detain Plaintiff.
6   Additionally, this allegation underscores the Plaintiff's claim that there existed a
7   conspiracy to deprive him of his constitutional rights while acting under color of law.

8   86. Plaintiff was subsequently transported to the Cois M Byrd Detention Center in
9   Murrieta, CA.

10  87. Plaintiff alleges that the sequence of events described  within paragraphs 73
11  through 81 above repeated themselves on June 25, 2019, at SUPERIOR COURT OF
12  CALIFORNIA, COUNTY of RIVERSIDE Dept. 53 before Judge RANDALL D
13  WHITE.

14  88. Ultimately Mr. KARRIEM was released from this unlawful detention on June 29,
15  2019.

16  89. Based on information and belief, Plaintiff alleges that on July 02, 2019, Deputy
17  District Attorney MAUREEN A DUMOUCHEL appeared before Judge Ronald L.
18  Taylor and requested by motion that the court issue a bench warrant of $250,000.00
19  to compel the Plaintiff's appearance in a criminal matter in which she was consciously
20  aware she possessed no probable cause to arrest or detain Plaintiff. This motion went
21  unopposed by Deputy Public Defender TRACI D LUIS while she also was consciously
22  aware that RCDA possessed no probable cause to arrest or detain Plaintiff or compel
23  Plaintiff to appear in any criminal matter.

24  90. Plaintiff alleges that Deputy Public Defender TRACI D LUIS, and by extension
25  RCPD, violated his constitutional right to effective assistance of counsel during a
26  criminal proceeding and that this was done in an effort to assist the District Attorney
27  of Los Angeles County and RCDA in concealing the federal hate crimes visited upon
28  the Plaintiff by the Los Angeles County Sheriff's Department.

91. Plaintiff alleges that Deputy Public Defender MELISSA C HALE, and by extension RCPD, violated his constitutional right to effective assistance of counsel during a criminal proceeding and that this was done in an effort to assist the District Attorney of Los Angeles County and RCDA in concealing the federal hate crimes visited upon the Plaintiff by the Los Angeles County Sheriff's Department.

92. Based on information and belief, Plaintiff alleges that Deputy Public Defender TRACI D LUIS  conspired with members of the Los Angeles County District Attorney's office and RCDA in order to deprive the Plaintiff of his constitutional and civil rights while acting under color of law.

93. Based on information and belief, Plaintiff alleges that Deputy Public Defender MELISSA C HALE  conspired with members of the Los Angeles County District Attorney's office and RCDA in order to deprive the Plaintiff of his constitutional and civil rights while acting under color of law.

94. Based on information and belief, Plaintiff hereon alleges that Deputy Public Defender TRACI D LUIS engaged in egregious discrimination against Plaintiff, a member of a minority group in a criminal proceeding, and by doing so constituted a denial to Plaintiff of equal protection under the Fourteenth Amendment of the United States Constitution, California Constitution Article 1 Section 7, and California Constitution Article 1 Section 13. Further, Deputy Public Defender TRACI D LUIS's actions in the instant case are in loyalty to RCDA and the Los Angeles County District Attorney, thereby denying Plaintiff his Sixth Amendment right to effective assistance of counsel during a criminal proceeding.

95. Based on information and belief, Plaintiff hereon alleges that Deputy Public Defender MELISSA C HALE engaged in egregious discrimination against Plaintiff, a member of a minority group in a criminal proceeding, and by doing so constituted a denial to Plaintiff of equal protection under the Fourteenth Amendment of the United States Constitution, California Constitution Article 1 Section 7, and California Constitution Article 1 Section 13. Further, Deputy Public Defender MELISSA C

1  HALE's actions in the instant case are in loyalty to RCDA and the Los Angeles

2  County District Attorney, thereby denying Plaintiff his Sixth Amendment right to

3  effective assistance of counsel during a criminal proceeding.

4  96. Plaintiff alleges that Deputy Public Defender TRACI D LUIS acted with conscious

5  disregard for the constitutional rights of Plaintiff in an effort to conceal the egregious

6  misconduct of   Deputy District Attorney MAUREEN A DUMOUCHEL, the

7  RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and Los Angeles County District

8  Attorney's Office, and that Deputy Public Defender TRACI D LUIS acted within the

9  scope of her employment with RIVERSIDE COUNTY PUBLIC DEFENDER.

10  97. Plaintiff alleges that Deputy Public Defender MELISSA C HALE acted with

11  conscious disregard for the constitutional rights of Plaintiff in an effort to conceal the

12  egregious misconduct of  Deputy District Attorney MAUREEN A DUMOUCHEL, the

13  RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and Los Angeles County District

14  Attorney's Office, and that Deputy Public Defender MELISSA C HALE acted within

15  the scope of her employment with RIVERSIDE COUNTY PUBLIC DEFENDER.

16  98. Based on information and belief, Plaintiff alleges that Deputy District Attorney

17  MAUREEN A DUMOUCHEL conspired with members of the Los Angeles County

18  District Attorney's office and RCPD in order to deprive the Plaintiff of his

19  constitutional and civil rights while acting under color of law.

20  99. Plaintiff alleges that Deputy District Attorney MAUREEN A DUMOUCHEL

21  acted with conscious disregard for the constitutional rights of Plaintiff in an effort to

22  conceal the egregious misconduct of the RIVERSIDE COUNTY SHERIFF'S

23  DEPARTMENT and Los Angeles County District Attorney's Office, and that Deputy

24  District Attorney MAUREEN A DUMOUCHEL acted within the scope of her

25  employment with DISTRICT ATTORNEY FOR RIVERSIDE COUNTY.

26  100. Based on information and belief, Plaintiff hereon alleges that Deputy District

27  Attorney MAUREEN A DUMOUCHEL engaged in egregious discrimination against

28  Plaintiff, a member of a minority group in a criminal proceeding, and by doing so

1  constituted a denial to Plaintiff of equal protection under the Fourteenth Amendment
2  of the United States Constitution, California Constitution Article 1 Section 7, and
3  California Constitution Article 1 Section 13.

4  101. Plaintiff alleges that Judge ERIC A KEEN's granting of the PC 1050 Motion to
5  Continue dated June 11, 2019, was issued solely for the benefit of the Los Angeles
6  County District Attorney's Office, RCSD, RCPD and RCDA, and their collective
7  efforts to conceal the federal hate crimes visited upon Plaintiff.

8  102. Plaintiff alleges that Judge RANDALL D WHITE's granting of the PC 1050
9  Motion to Continue dated June 25, 2019, was issued solely for the benefit of the Los
10  Angeles County District Attorney's Office, RCSD, RCPD and RCDA,  and their
11  collective efforts to conceal the federal hate crimes visited upon the Plaintiff.

12  103. The actions of Judge ERIC A KEEN and Judge RANDALL D WHITE constituted
13  a violation of the Plaintiff's Fourth Amendment protections against unlawful
14  searches and seizures, Eighth Amendment protections against excessive bail and
15  cruel and unusual punishments, as well as Plaintiff's Fourteenth Amendment
16  protections relative to due process of law and equal protection under the law.

17  104. Based on information and belief, Plaintiff alleges that Judge ERIC A KEEN and
18  Judge RANDALL D WHITE's acts were *ultra vires* and were beyond their legal
19  jurisdiction. A constitution is often the measuring stick of the proper scope of power.
20  Therefore, any alleged act by a judge or magistrate in the instant case, allegedly
21  performed in the absence of constitutional authority and in violation of Plaintiff's
22  constitutional rights would rightfully be described as acts done *ultra vires*. A suit
23  must allege, and ultimately prove, that the officer acted without legal authority or
24  failed to perform a purely ministerial act. *Epperson*, 43 S.W. 2d at 231.

25  105. In *Gerstein v Pugh* (1975) 420 U.S. 103, 95 S.Ct. 854, The Supreme Court of the
26  United States held that under the Fourth Amendment, a person arrested without a
27  warrant and charged by information with a state offense was entitled to a timely
28  judicial determination by a neutral magistrate of probable cause for significant

1    pretrial restraint of his liberty; the prosecutor's decision to file an information was
2    not alone satisfying the Fourth Amendment's requirements. See *People v Laiwa*
3    (1983) 34 Cal.3d 711, 718.

4    106. Based on information and belief, Plaintiff alleges that Judge ERIC A KEEN and
5    Judge RANDALL D WHITE conspired with members of RCDA, RCPD, and RCSD in
6    order to deprive the Plaintiff of his constitutional and civil rights while acting under
7    color of law.

8    107. Based on information and belief, Plaintiff hereon alleges that Judge ERIC A
9    KEEN and Judge RANDALL D WHITE engaged in egregious discrimination against
10   Plaintiff, a member of a minority group in a criminal proceeding, and by doing so
11   constituted a denial to Plaintiff of equal protection under the Fourteenth Amendment
12   of the United States Constitution, California Constitution Article 1 Section 7, and
13   California Constitution Article 1 Section 13.

14   108. Based on information and belief, Plaintiff alleges that a minority of decisions
15   have held that if an inferior judge acts maliciously or corruptly he may incur liability.
16   *Kalb v. Luce,* 291 N.W. 841, 234, WISC 509. Plaintiff alleges that the instant case is
17   illustrative of malice as well as corruption as Judge ERIC A KEEN and Judge
18   RANDALL D WHITE were consciously aware that their acts were in violation of
19   Plaintiff's constitutional rights and acted solely for the benefit of COUNTY
20   DEFENDANTS and the Los Angeles County District Attorney's office

21   109. Further, Judge ERIC A KEEN and Judge RANDALL D WHITE acted with
22   conscious disregard for the constitutional rights of Plaintiff and in absence of lawful
23   authority, therefore, all acts of Judge ERIC A KEEN and Judge RANDALL D WHITE
24   in the criminal case were *ultra vires* and in an effort to conceal the egregious
25   misconduct of  Deputy Public Defender TRACI D LUIS, Deputy Public Defender
26   MELISSA C HALE, Deputy District Attorney MAUREEN A DUMOUCHEL and the
27   RIVERSIDE COUNTY SHERIFF'S DEPARTMENT.

110. Plaintiff alleges that the actions of Judge ERIC A KEEN and Judge RANDALL D WHITE constituted a violation of the Plaintiff's Fourth Amendment protections against unlawful searches and seizures, Eighth Amendment protections against excessive bail and cruel and unusual punishments as well as Plaintiff's Fourteenth Amendment protections relative to due process of law and equal protection under the law.

111. Plaintiff alleges that the preceding paragraphs are illustrative of what is referred to in modern society as "systemic racism", and that such systemic racism permeates and informs the egregious misconduct alleged in the instant case, perpetrated by COUNTY DEFENDANTS and that Plaintiff must address the mounting legal costs of remedial and civil litigations because of the misconduct of COUNTY DEFENDANTS. Further, it is alleged that this racism is present and identifiable within the very agencies designated to protect citizens from racism, such as the Riverside County Public Defender's office, for example. Additionally, if the allegations found within the body of this Complaint be found true; systemic racism is identifiable from the initial misconduct allegedly committed by the Los Angeles County Sheriff's Department through the prosecutorial and judicial misconduct alleged during the criminal proceedings relative to the instant case.

## FIRST CLAIM FOR RELIEF

**(PLAINTIFF MR. LAMONT G. KARRIEM AGAINST DEFENDANTS COUNTY OF RIVERSIDE, DUMOUCHEL, and DOES 2-3 For UNREASONABLE SEARCH AND SEIZURE 42 U.S.C. § 1983)**

112. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 111 above, as if fully set forth here.

113. On and before June 7, 2019, Plaintiff enjoyed the right to be secure in his person against unreasonable searches and seizures by the COUNTY, as guaranteed him

1    under the Fourth Amendment to the United States Constitution and applied to state

2    actors by the Fourteenth Amendment.

3    114. On or about June 7, 2019, at about 9:00 a.m., each of the Defendants COUNTY

4    OF RIVERSIDE, DUMOUCHEL, and DOES 2-3 violated Mr. KARRIEM'S rights by

5    falsely, wrongfully, and intentionally detaining, imprisoning, and arresting him.

6    115. As a legal result of the Defendants' actions and failures to act as described here,

7    Mr. KARRIEM has sustained serious damages and injuries to his mind, emotions,

8    and professional reputation, all in an amount to be determined according to proof at

9    trial.

10    116. Mr. KARRIEM maintains that Defendants COUNTY OF RIVERSIDE and

11    DUMOUCHEL and DOES 2-3 consciously targeted Mr. KARRIEM for detention,

12    imprisonment, and arrest because of their desire to assist the Los Angeles County

13    District Attorney's Office to conceal the federal hate crimes visited upon the Plaintiff

14    by the Los Angeles County Sheriff's Department. Consequently, Defendants

15    COUNTY OF RIVERSIDE, DUMOUCHEL, and DOES 2-3's actions were cold,

16    calculating, willful, wanton, malicious, oppressive, and in reckless disregard for Mr.

17    KARRIEM's rights, justifying the imposition of exemplary and punitive damages

18    against the individual Defendants, in an amount to be determined according to proof

19    at trial.

20    117. The acts of COUNTY OF RIVERSIDE, individually and by and through its

21    agents, employees, servants and/or independent contractors were and are

22    objectionable and offensive to any reasonable person, including Plaintiff.

23    118. Mr. KARRIEM also seeks reasonable attorney fees and costs under this claim

24    pursuant to 42 *U.S.C.* § 1988.

25

26

27

1                  **SECOND CLAIM FOR RELIEF**

2     **(MR. LAMONT G. KARRIEM AGAINST DEFENDANTS COUNTY OF**

3     **RIVERSIDE, DUMOUCHEL and DOES 2-3 for MALICIOUS PROSECUTION**

4                      **42 U.S.C. § 1983)**

5   119. Plaintiff incorporates by reference the allegations contained in paragraphs 1

6   through 118 above, as if fully set forth here.

7   120. On and before June 7, 2019, Mr. KARRIEM enjoyed rights guaranteed him by

8   the Fourth and Fourteenth Amendments to the United States Constitution, including

9   the right to be free from unreasonable seizures not based on probable cause.

10   121. Each of the Defendants COUNTY OF RIVERSIDE, DUMOUCHEL, and DOES

11   2-3 willfully, intentionally, and maliciously caused Mr. KARRIEM to be arrested for

12   grand theft though each of the Defendants knew that there no longer existed probable

13   cause to support his arrest.

14   122. As a legal result of this malicious conduct, Mr. KARRIEM was arrested and

15   subsequently imprisoned for a period of twenty-two days and then released having

16   never been formally charged with committing a crime.

17   123. As a legal result of the Defendants' actions and failures to act as described here,

18   Mr. KARRIEM has sustained serious damages and injuries to his mind, emotions,

19   and professional reputation, all in an amount to be determined according to proof at

20   trial.

21   124. Mr. KARRIEM maintains that Defendants COUNTY OF RIVERSIDE,

22   DUMOUCHEL, and DOES 2-3 consciously targeted Mr. KARRIEM for detention,

23   imprisonment, and arrest because of their desire to assist the Los Angeles County

24   District Attorney's Office to conceal the federal hate crimes visited upon the Plaintiff

25   by the Los Angeles County Sheriff's Department. Consequently, Defendants

26   COUNTY OF RIVERSIDE, DUMOUCHEL, and DOES 2-3's actions were cold,

27   calculating, willful, wanton, malicious, oppressive, and in reckless disregard for Mr.

1    KARRIEM'S rights, justifying the imposition of exemplary and punitive damages
2    against the individual Defendants, in an amount to be determined according to proof
3    at trial.

4    125. The acts of COUNTY OF RIVERSIDE, individually and by and through its
5    agents, employees, servants and/or independent contractors were and are
6    objectionable and offensive to any reasonable person, including Plaintiff.

7    126. Mr. KARRIEM also seeks reasonable attorney fees and costs under this claim
8    pursuant to 42 *U.S.C.* § 1988.

9

10                        **THIRD CLAIM FOR RELIEF**

11        **(MR. LAMONT G. KARRIEM AGAINST DEFENDANTS VINEYARD,**
12    **MONTEROSSO, HESTRIN, AKI, ROY, HARMON, CAVANAUGH, BOLES,**
13      **BIANCO, GUNZEL, DELGADO and DOES 1-3 for CONSTITUTIONAL**
14              **SUPERVISOR LIABILITY 42 U.S.C. § 1983)**

15    127. Plaintiff incorporates by reference the allegations contained in paragraphs 1
16    through 126 above, as if fully set forth here.

17    128. Mr. KARRIEM is informed and believes that his false detention, imprisonment,
18    and arrest was ratified by the COUNTY'S supervisorial judicial officers, district
19    attorneys, public defenders and sheriff personnel. He is informed and believes that
20    each of the Defendants either personally participated in the constitutional  violation
21    described above, or there is a causal connection between each of the Defendants'
22    actions and the constitutional violation.

23    129. Mr. KARRIEM is informed and believes that Defendants KEEN, WHITE, LUIS,
24    HALE, DUMOUCHEL and attendant deputy sheriff personnel have not been fired,
25    suspended, or disciplined for participating in the constitutional violations alleged in
26    this Complaint. As such, each of these Defendants has ratified KEEN, WHITE, LUIS,

1   HALE, DUMOUCHEL and attendant deputy sheriff personnel's wrongful and
2   malicious conduct.

3

4   130. Plaintiff is informed and believes that each of the Defendants VINEYARD,
5   MONTEROSSO, HESTRIN, AKI, ROY, HARMON, CAVANAUGH, BOLES,
6   BIANCO, GUNZEL, DELGADO and DOES 1-3 intentionally, maliciously, and
7   deliberately caused or ratified his prosecution.

8   131. As a legal result of the Defendants' actions and failures to act as described here,
9   Mr. KARRIEM has sustained serious damages and injuries to his mind, emotions,
10  and professional reputation, all in an amount to be determined according to proof at
11  trial.

12  132. Mr. KARRIEM also seeks reasonable attorney fees and costs under this claim
13  pursuant to 42 *U.S.C.* § 1988.

14

15  **FOURTH CLAIM FOR RELIEF**

16  **(MR. LAMONT G. KARRIEM AGAINST DEFENDANTS KEEN, WHITE,**
17  **DUMOUCHEL, HALE, and LUIS for DENIAL OF DUE PROCESS 42 U.S.C. §**
18  **1983)**

19  133. Plaintiff incorporates by reference the allegations contained in paragraphs 1
20  through 132 above, as if fully set forth here.

21  134. On and before June 11, 2019, Mr. KARRIEM enjoyed rights guaranteed him by
22  The Fourth, Fifth, Sixth and Fourteenth Amendments of the United States
23  Constitution  and Article 1, Section Thirteen of the California Constitution; which
24  *require that every arrest be justified by the issuance of a warrant by a neutral judge*
25  based on a finding of probable cause or, in the case of a warrantless arrest, that the

1  arrest be supported by probable cause and be reviewed by a neutral judge within 48
2  hours of arrest.

3  135. California Penal Code Section 487(a) was used by the DISTRICT ATTORNEY of
4  RIVERSIDE COUNTY to justify the arrest, detention, and prosecution of the
5  Plaintiff, yet that very same California Penal Code requires the contemporaneous
6  issuance of a felony arrest warrant within the State of California. Plaintiff alleges
7  that Defendants KEEN, WHITE, DUMOUCHEL, HALE and LUIS willfully denied
8  Plaintiff equal protection as well as due process of law as all were consciously aware
9  that no such contemporaneous warrant had been issued for Plaintiff, so that any and
10  all detention and/or restraint on his liberty would necessarily be in violation of the
11  Plaintiff's constitutional rights.

12  136. Each of the Defendants KEEN, WHITE, DUMOUCHEL, HALE and LUIS
13  willfully, intentionally, and maliciously caused Mr. KARRIEM to be imprisoned
14  based on an allegation of  grand theft though each of these Defendants were
15  consciously aware that there no longer existed probable cause that would authorize
16  his imprisonment.

17  137. As a legal result of the Defendants' actions and failures to act as described here,
18  Mr. KARRIEM has sustained serious damages and injuries to his mind, emotions,
19  and professional reputation, all in an amount to be determined according to proof at
20  trial.

21  138. Mr. KARRIEM maintains that Defendants KEEN, WHITE, DUMOUCHEL,
22  LUIS and HALE consciously targeted Mr. KARRIEM for detention, imprisonment,
23  and arrest because of their desire to assist the Los Angeles County District Attorney's
24  Office to conceal the federal hate crimes visited upon the Plaintiff by the Los Angeles
25  County Sheriff's Department. Consequently, Defendants KEEN, WHITE,
26  DUMOUCHEL, LUIS and HALE'S actions were cold, calculating, willful, wanton,
27  malicious, oppressive, and in reckless disregard for Mr. KARRIEM'S rights, justifying

1  the imposition of exemplary and punitive damages against the individual
2  Defendants, in an amount to be determined according to proof at trial.

3  139. Mr. KARRIEM also seeks reasonable attorney fees and costs under this claim
4  pursuant to 42 *U.S.C.* § 1988.

5

6

7  **<u>FIFTH CLAIM FOR RELIEF</u>**

8  **(MR. LAMONT G. KARRIEM AGAINST DEFENDANTS KEEN, WHITE,**
9  **DUMOUCHEL, LUIS and HALE for CRUEL AND UNUSUAL PUNISHMENT**
10  **42 U.S.C. § 1983)**

11  140. Plaintiff incorporates by reference the allegations contained in paragraphs 1
12  through 139 above, as if fully set forth here.

13  141. On and before June 11, 2019, Mr. KARRIEM enjoyed rights guaranteed him by
14  The Eighth Amendment of the United States Constitution relative to protections
15  against cruel and unusual punishments. Defendants KEEN, WHITE,
16  DUMOUCHEL, HALE and LUIS  acted absent any lawful authority and contrary to
17  the constitutional rights of Plaintiff. Further DUMOUCHEL,  acted with the
18  cooperation of HALE and LUIS by effectively denying Plaintiff access to defense
19  counsel. Defendants KEEN and WHITE acted without the authority of a
20  contemporaneous warrant of arrest. The actions of Defendants DUMOUCHEL,
21  HALE and LUIS constituted a violation of the Plaintiff's Sixth Amendment right to
22  the assistance of defense counsel during a criminal proceeding.

23  142. Each of the Defendants KEEN, WHITE, DUMOUCHEL, HALE and LUIS
24  willfully, intentionally, and maliciously caused Mr. KARRIEM to be imprisoned
25  based on an allegation of  grand theft though each of these Defendants were
26  consciously aware that there no longer existed probable cause that would authorize
27  his imprisonment.

1    143. As a legal result of the Defendants' actions and failures to act as described here,

2    Mr. KARRIEM has sustained serious damages and injuries to his mind, emotions,

3    and professional reputation, all in an amount to be determined according to proof at

4    trial.

5    144. Mr. KARRIEM maintains that Defendants KEEN, WHITE, DUMOUCHEL,

6    LUIS and HALE consciously targeted Mr. Karriem for detention, imprisonment, and

7    arrest because of their desire to assist the Los Angeles County District Attorney's

8    Office to conceal the federal hate crimes visited upon the Plaintiff by the Los Angeles

9    County Sheriff's Department. Consequently, Defendants KEEN, WHITE,

10   DUMOUCHEL, LUIS and HALE'S actions were cold, calculating, willful, wanton,

11   malicious, oppressive, and in reckless disregard for Mr. KARRIEM'S rights, justifying

12   the imposition of exemplary and punitive damages against the individual

13   Defendants, in an amount to be determined according to proof at trial.

14   145. Mr. KARRIEM also seeks reasonable attorney fees and costs under this claim

15   pursuant to 42 *U.S.C.* § 1988.

16

17                              <u>**SIXTH CLAIM FOR RELIEF**</u>

18          **(MR. LAMONT G. KARRIEM AGAINST DEFENDANTS KEEN, WHITE,**

19          **DUMOUCHEL, LUIS and HALE for CONSPIRACY TO INTERFERE WITH**

20                          **CIVIL RIGHTS 42 U.S.C. § 1985)**

21   146. Plaintiff incorporates by reference the allegations contained in paragraphs 1

22   through 138 above, as if fully set forth here.

23   147. On and before June 11, 2019, Mr. KARRIEM enjoyed rights guaranteed him by

24   The Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States

25   Constitution relative to rights that guaranty protection against unlawful searches

26   and seizures, rights to due process of law, the right to defense counsel during a

27   criminal proceeding, the right to effective assistance of counsel, and protections

1   against cruel and unusual punishments. Defendants KEEN, WHITE,
2   DUMOUCHEL, HALE and LUIS acted absent any lawful authority and contrary to
3   the constitutional rights of Plaintiff. Further DUMOUCHEL, acted with the
4   cooperation of HALE and LUIS by effectively denying Plaintiff access to defense
5   counsel. Defendants KEEN and WHITE acted without the authority of a
6   contemporaneous warrant of arrest. The actions of Defendants DUMOUCHEL,
7   HALE and LUIS constituted a violation of the Plaintiff's Sixth Amendment right to
8   the assistance of defense counsel during a criminal proceeding.

9   148. Each of the Defendants KEEN, WHITE, DUMOUCHEL, HALE and LUIS
10   willfully, intentionally, and maliciously caused Mr. KARRIEM to be imprisoned
11   based on an allegation of grand theft though each of these Defendants were
12   consciously aware that there no longer existed probable cause that would authorize
13   his imprisonment.

14   149. As a legal result of the Defendants' actions and failures to act as described here,
15   Mr. KARRIEM has sustained serious damages and injuries to his mind, emotions,
16   and professional reputation, all in an amount to be determined according to proof at
17   trial.

18   150. Mr. KARRIEM maintains that Defendants KEEN, WHITE, DUMOUCHEL,
19   LUIS and HALE consciously targeted Mr. KARRIEM for detention, imprisonment,
20   and arrest because of their desire to assist the Los Angeles County District Attorney's
21   Office to conceal the federal hate crimes visited upon the Plaintiff by the Los Angeles
22   County Sheriff's Department. Consequently, Defendants KEEN, WHITE,
23   DUMOUCHEL, LUIS and HALE'S actions were cold, calculating, willful, wanton,
24   malicious, oppressive, and in reckless disregard for Mr. KARRIEM'S rights, justifying
25   the imposition of exemplary and punitive damages against the individual
26   Defendants, in an amount to be determined according to proof at trial.

27   151. Mr. KARRIEM also seeks reasonable attorney fees and costs under this claim
28   pursuant to 42 *U.S.C.* § 1988.

1        ## SEVENTH CLAIM FOR RELIEF

2        **(MR. LAMONT G. KARRIEM AGAINST DEFENDANTS COUNTY OF**

3        **RIVERSIDE, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, KEEN,**

4        **WHITE, DUMOUCHEL, HALE and LUIS for TORTURE 18 U.S.C. § 2340)**

5        152. Plaintiff incorporates by reference the allegations contained in paragraphs 1

6        through 151 above, as if fully set forth here.

7        153. On and before June 7, 2019, Mr. KARRIEM  enjoyed rights guaranteed him by

8        the Fourth, Eighth and Fourteenth Amendments to the United States Constitution,

9        including the right to be free from unreasonable seizures not based on probable cause

10       and protections against cruel and unusual punishments.

11       154. Based on information and belief, Plaintiff alleges that pursuant to 18 U.S.C. §

12       2340: (1) "torture" means an act committed by a person acting under the color of law

13       specifically intended to inflict severe physical or mental pain or suffering (other than

14       pain or suffering incidental to lawful sanctions) upon another person within his

15       custody or physical control;  (2) "severe mental pain or suffering" means the prolonged

16       mental harm caused by or resulting from;  (A) the intentional infliction or threatened

17       infliction of severe physical pain or suffering; (B) the administration or application,

18       or threatened administration or application, of mind- altering substances or other

19       procedures calculated to disrupt profoundly the  senses or personality. Plaintiff

20       further alleges that he has endured the legal definition of torture  while in the illegal

21       and unlawful physical custody and control of the RIVERSIDE COUNTY SHERIFF'S

22       DEPARTMENT and this torture was facilitated and endorsed by Defendants KEEN,

23       WHITE, DUMOUCHEL, HALE and LUIS.

24       155. Plaintiff alleges that absent judicial authorization, his arrest, detention,

25       prolonged captivity, and forced separation and isolation from anything and anyone

26       familiar to him can be described as nothing less than physical as well as psychological

27       torture, inflicted upon him by Defendants RIVERSIDE COUNTY SHERIFF'S

28       DEPARTMENT, KEEN, WHITE, DUMOUCHEL, HALE and LUIS.

156. Based on information and belief, Plaintiff alleges that absent judicial authorization, probable cause, or reasonable suspicion of crime, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, KEEN, WHITE, DUMOUCHEL, HALE and LUIS, and each of them, effectively held the Plaintiff as hostage for a period of approximately twenty-two days absent legitimate legal process. It is alleged that these Defendants engaged in this misconduct in an effort to conceal the egregious and unlawful misconduct of the Los Angeles County Sheriff's Department as it relates to this matter.

157. Each of the Defendants KEEN, WHITE, DUMOUCHEL, HALE and LUIS willfully, intentionally, and maliciously caused Mr. KARRIEM to be imprisoned based on an allegation of grand theft though each of these Defendants were consciously aware that there no longer existed probable cause that would authorize his imprisonment.

158. As a legal result of the Defendants' actions and failures to act as described here, Mr. KARRIEM has sustained serious damages and injuries to his mind, emotions, and professional reputation, all in an amount to be determined according to proof at trial.

159. Mr. KARRIEM maintains that Defendants KEEN, WHITE, DUMOUCHEL, LUIS and HALE consciously targeted Mr. KARRIEM for detention, imprisonment, and arrest because of their desire to assist the Los Angeles County District Attorney's Office to conceal the federal hate crimes visited upon the Plaintiff by the Los Angeles County Sheriff's Department. Consequently, Defendants KEEN, WHITE, DUMOUCHEL, LUIS and HALE'S actions were cold, calculating, willful, wanton, malicious, oppressive, and in reckless disregard for Mr. KARRIEM'S rights, justifying the imposition of exemplary and punitive damages against the individual Defendants, in an amount to be determined according to proof at trial.

160. Mr. KARRIEM also seeks reasonable attorney fees and costs under this claim pursuant to 42 *U.S.C.* § 1988.

1          **<u>EIGHTH CLAIM FOR RELIEF</u>**

2     **(MR. LAMONT G. KARRIEM AGAINST DEFENDANT RIVERSIDE COUNTY**

3      **SHERIFF'S DEPARTMENT, KEEN, WHITE, DUMOUCHEL, HALE, LUIS,**

4                **DOE 2 and DOE 3 for ASSAULT)**

5     161. Plaintiff incorporates by reference the allegations contained in paragraphs 1

6     through 160 above, as if fully set forth here.

7     162. California Penal Code Section 240 defines assault as whenever anyone willfully

8     does anything that would result in applying force to another person while having

9     facts that would make a reasonable person realize the act would result in applying

10    force to someone else with no legal excuse.

11    163. Based on information and belief, Plaintiff alleges that Judge ERIC A KEEN did

12    explicitly facilitate, endorse, and authorize numerous instances of assault to befall

13    the Plaintiff by virtue of his actions of June 11, 2019. By summarily imposing upon

14    the Plaintiff  undue incarceration and/or excessive bail absent any legal justification,

15    jurisdiction, or authority to do so; Judge ERIC A KEEN officially sanctioned any

16    physical trauma or injury that befell Plaintiff during his unlawful custody at the

17    hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and intentionally

18    placed the Plaintiff in reasonable apprehension of immediate bodily harm. Judge

19    ERIC A KEEN facilitated the physical assault of the Plaintiff within the scope of his

20    employment with SCRC.

21    164. Based on information and belief, Plaintiff alleges that Judge RANDALL D

22    WHITE did explicitly facilitate, endorse, and authorize numerous instances of assault

23    to befall the Plaintiff by virtue of his actions of June 26, 2019. By summarily imposing

24    upon the Plaintiff  undue incarceration and/or excessive bail absent any legal

25    justification, jurisdiction, or authority to do so; Judge RANDALL D WHITE officially

26    sanctioned any physical trauma or injury that befell Plaintiff during his unlawful

27    custody at the hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and

28    intentionally placed the Plaintiff in reasonable apprehension of immediate bodily

1  harm. Judge RANDALL D WHITE facilitated the physical assault of the Plaintiff
2  within the scope of his employment with SCRC.

3  165. Based on information and belief, Plaintiff alleges that Defendant MAUREEN A
4  DUMOUCHEL did explicitly facilitate, endorse, and authorize numerous instances
5  of assault to befall the Plaintiff by virtue of her actions of June 11, 2019, and since.
6  DUMOUCHEL requested that Plaintiff not be released on his own recognizance and
7  her request was granted. DUMOUCHEL was consciously aware that her request was
8  absent any legal justification, jurisdiction, or authority; and as such, DUMOUCHEL
9  officially sanctioned any physical trauma or injury that befell Plaintiff during his
10  unlawful custody at the hands of the RIVERSIDE COUNTY SHERIFF'S
11  DEPARTMENT and intentionally placed the Plaintiff in reasonable apprehension of
12  immediate bodily harm. DUMOUCHEL facilitated the physical assault of the
13  Plaintiff within the scope of her employment with RCDA.

14  166. Based on information and belief, Plaintiff alleges that Defendant MELISSA C
15  HALE did implicitly facilitate, endorse, and authorize numerous instances of assault
16  to befall the Plaintiff by virtue of her actions and conscious inactions of June 11, 2019,
17  and since. HALE raised no objection to or mention of the illegality of the Plaintiff's
18  arrest, detention and subsequent imprisonment therefore, she was a silent
19  participant in any physical trauma or injury that befell Plaintiff during his unlawful
20  custody at the hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and
21  intentionally placed the Plaintiff in reasonable apprehension of immediate bodily
22  harm. HALE  facilitated the physical assault of the Plaintiff within the scope of her
23  employment with RCPD.

24  167. Based on information and belief, Plaintiff alleges that Defendant TRACI D LUIS
25  did implicitly facilitate, endorse, and authorize numerous instances of assault to
26  befall the Plaintiff by virtue of her actions and conscious inactions of June 11, 2019,
27  and since. LUIS raised no objection to or mention of the illegality of the Plaintiff's
28  arrest, detention and subsequent imprisonment therefore, she was a silent
29  participant in any physical trauma or injury that befell Plaintiff during his unlawful

1   custody at the hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and
2   intentionally placed the Plaintiff in reasonable apprehension of immediate bodily
3   harm. LUIS  facilitated the physical assault of the Plaintiff within the scope of her
4   employment with RCPD.

5   168. Based on information and belief, Plaintiff alleges that Defendants DOE 2 and 3
6   did implicitly facilitate, endorse, and authorize numerous instances of assault to
7   befall the Plaintiff by virtue of their actions and conscious inactions of June 07, 2019,
8   and since. DOE 2 and DOE 3 raised no objection to or mention of the illegality of the
9   Plaintiff's arrest, detention and subsequent imprisonment therefore, they were silent
10  participants in any physical trauma or injury that befell Plaintiff during his unlawful
11  custody at the hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and
12  intentionally placed the Plaintiff in reasonable apprehension of immediate bodily
13  harm. DOE 2 and DOE 3  facilitated the physical assault of the Plaintiff within the
14  scope of their employment with RCSD.

15  169. ERIC A KEEN  acted with malice and with the intent to cause injury to Plaintiff
16  or acted with a willful and conscious disregard for the rights of Plaintiff in a
17  despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award
18  of punitive damages against ERIC A KEEN in his  personal capacity.

19  170. RANDALL D WHITE  acted with malice and with the intent to cause injury to
20  Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a
21  despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award
22  of punitive damages against RANDALL D WHITE  in his  personal capacity.

23  171. MAUREEN A DUMOUCHEL  acted with malice and with the intent to cause
24  injury to Plaintiff or acted with a willful and conscious disregard for the rights of
25  Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is
26  entitled to an award of punitive damages against MAUREEN A DUMOUCHEL in
27  her  personal capacity.

28

172. MELISSA C HALE  acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against MELISSA C HALE in her  personal capacity.

173. TRACI D LUIS  acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against TRACI D LUIS in her  personal capacity.

174. Defendants DOE 2 and 3  acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against Defendants DOE 2 and 3 in their personal capacity.

175. Plaintiff further alleges that he endured numerous physical assaults while  held captive at various jail facilities under the direct control and supervision of COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. These facilities include the Robert Presley Detention Center and the Cois M Byrd Detention Center.

176. As the direct and proximate result of these Defendants' actions, and conscious failures to act, Plaintiff has suffered, and will continue to suffer, mental and emotional injury, all to an extent and in an amount subject to proof at trial.

## NINTH CLAIM FOR RELIEF

## (MR. LAMONT G. KARRIEM AGAINST RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, KEEN, WHITE, DUMOUCHEL, HALE, LUIS, DOE 2 and DOE 3 for BATTERY)

1   177. Plaintiff incorporates by reference the allegations contained in paragraphs 1
2   through 176 above, as if fully set forth here.

3   178. California Penal Code Section 242 defines battery as "any willful and unlawful
4   use of force or violence upon another person".

5   179. Based on information and belief, Plaintiff alleges that Judge ERIC A KEEN did
6   explicitly facilitate, endorse, and authorize numerous instances of battery to befall
7   the Plaintiff by virtue of his actions of June 11, 2019. By summarily imposing upon
8   the Plaintiff undue incarceration and/or excessive bail absent any legal justification,
9   jurisdiction, or authority to do so; Judge ERIC A KEEN officially sanctioned any
10  physical trauma or injury that befell Plaintiff during his unlawful custody at the
11  hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and intentionally
12  placed the Plaintiff in reasonable apprehension of immediate bodily harm. Judge
13  ERIC A KEEN facilitated the physical battery of the Plaintiff within the scope of his
14  employment with SCRC.

15  180. Based on information and belief, Plaintiff alleges that Judge RANDALL D
16  WHITE did explicitly facilitate, endorse, and authorize numerous instances of battery
17  to befall the Plaintiff by virtue of his actions of June 26, 2019. By summarily imposing
18  upon the Plaintiff undue incarceration and/or excessive bail absent any legal
19  justification, jurisdiction, or authority to do so; Judge RANDALL D WHITE officially
20  sanctioned any physical trauma or injury that befell Plaintiff during his unlawful
21  custody at the hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and
22  intentionally placed the Plaintiff in reasonable apprehension of immediate bodily
23  harm. Judge RANDALL D WHITE facilitated the physical battery of the Plaintiff
24  within the scope of his employment with SCRC.

25  181. Based on information and belief, Plaintiff alleges that Defendant MAUREEN A
26  DUMOUCHEL did explicitly facilitate, endorse, and authorize numerous instances
27  of battery to befall the Plaintiff by virtue of her actions of June 11, 2019, and since.
28  DUMOUCHEL requested that Plaintiff not be released on his own recognizance and

1   her request was granted. DUMOUCHEL was consciously aware that her request was
2   absent any legal justification, jurisdiction, or authority; and as such, DUMOUCHEL
3   officially sanctioned any physical trauma or injury that befell Plaintiff during his
4   unlawful custody at the hands of the RIVERSIDE COUNTY SHERIFF'S
5   DEPARTMENT and intentionally placed the Plaintiff in reasonable apprehension of
6   immediate bodily harm. DUMOUCHEL facilitated the physical battery of the
7   Plaintiff within the scope of her employment with RCDA.

8   182. Based on information and belief, Plaintiff alleges that Defendant MELISSA C
9   HALE did implicitly facilitate, endorse, and authorize numerous instances of battery
10  to befall the Plaintiff by virtue of her actions and conscious inactions of June 11, 2019,
11  and since. HALE raised no objection to or mention of the illegality of the Plaintiff's
12  arrest, detention and subsequent imprisonment therefore, she was a silent
13  participant in any physical trauma or injury that befell Plaintiff during his unlawful
14  custody at the hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and
15  intentionally placed the Plaintiff in reasonable apprehension of immediate bodily
16  harm. HALE  facilitated the physical battery of the Plaintiff within the scope of her
17  employment with RCPD.

18  183. Based on information and belief, Plaintiff alleges that Defendant TRACI D LUIS
19  did implicitly facilitate, endorse, and authorize numerous instances of battery to
20  befall the Plaintiff by virtue of her actions and conscious inactions of June 11, 2019,
21  and since. LUIS raised no objection to or mention of the illegality of the Plaintiff's
22  arrest, detention and subsequent imprisonment therefore, she was a silent
23  participant in any physical trauma or injury that befell Plaintiff during his unlawful
24  custody at the hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and
25  intentionally placed the Plaintiff in reasonable apprehension of immediate bodily
26  harm. LUIS  facilitated the physical battery of the Plaintiff within the scope of her
27  employment with RCPD.

28

184. Based on information and belief, Plaintiff alleges that Defendants DOE 2 and 3 did implicitly facilitate, endorse, and authorize numerous instances of battery to befall the Plaintiff by virtue of their actions and conscious inactions of June 07, 2019, and since. DOE 2 and DOE 3 raised no objection to or mention of the illegality of the Plaintiff's arrest, detention and subsequent imprisonment therefore, they were silent participants in any physical trauma or injury that befell Plaintiff during his unlawful custody at the hands of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and intentionally placed the Plaintiff in reasonable apprehension of immediate bodily harm. DOE 2 and DOE 3 facilitated the physical battery of the Plaintiff within the scope of their employment with RCSD.

185. ERIC A KEEN acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against ERIC A KEEN in his personal capacity.

186. RANDALL D WHITE acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against RANDALL D WHITE in his personal capacity.

187. MAUREEN A DUMOUCHEL acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against MAUREEN A DUMOUCHEL in her personal capacity.

188. MELISSA C HALE acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against MELISSA C HALE in her personal capacity.

189. TRACI D LUIS acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against TRACI D LUIS in her personal capacity.

190. Defendants DOE 2 and 3 acted with malice and with the intent to cause injury to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages against Defendants DOE 2 and 3 in their personal capacity.

191. Plaintiff further alleges that he endured numerous instances of physical battery while held captive at various jail facilities under the direct control and supervision of COUNTY OF RIVERSIDE and RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. These facilities include the Robert Presley Detention Center and the Cois M Byrd Detention Center.

192. As the direct and proximate result of these Defendants' actions, and conscious failures to act, Plaintiff has suffered, and will continue to suffer, mental and emotional injury, all to an extent and in an amount subject to proof at trial.

## TENTH CLAIM FOR RELIEF

### (MR. LAMONT G. KARRIEM AGAINST RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, KEEN, WHITE, DUMOUCHEL, HALE and LUIS for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

193. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 192 above, as if fully set forth here.

194. The actions of RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, Judge ERIC A KEEN, Judge RANDALL D WHITE, MAUREEN A DUMOUCHEL, MELISSA C HALE, TRACI D LUIS, DOE 2 and DOE 3, which resulted in a denial of due process

1  and equal protection under the laws, false imprisonment and malicious prosecution
2  were both extreme and outrageous. Moreover, the offending conduct was either
3  intended to cause severe emotional distress or was undertaken with reckless
4  disregard for  the likelihood of causing the Plaintiff severe emotional distress and did
5  cause Plaintiff severe emotional distress.

6  195. The actions of Defendants KEEN, WHITE, DUMOUCHEL, HALE and LUIS in
7  attempting to conceal the unlawful surveillance, arrest, extradition, and
8  imprisonment of the Plaintiff, initiated by the Las Vegas Metropolitan Police
9  Department and the Los Angeles County Sheriff's Department, were both extreme
10  and outrageous. Moreover, the offending conduct was either intended to cause severe
11  emotional distress or was undertaken with reckless disregard for  the likelihood of
12  causing the Plaintiff severe emotional distress and did cause Plaintiff severe
13  emotional distress.

14  196. The actions of Judge ERIC A KEEN, Judge RANDALL D WHITE, Deputy
15  District Attorney MAUREEN A DUMOUCHEL, Deputy Public Defender MELISSA
16  C HALE and Deputy Public Defender TRACI D LUIS, by conspiring with the Los
17  Angeles County District Attorney's Office to deprive Plaintiff of his constitutional
18  rights to due process were both extreme and outrageous. The conduct of these named
19  Defendants was in violation of 18 U.S.C. § 241 by seeking and finding other
20  individuals to assist in their efforts to deprive Plaintiff of his civil rights. Moreover,
21  the offending conduct was either intended to cause severe emotional distress or was
22  undertaken with reckless disregard for  the likelihood of causing the Plaintiff severe
23  emotional distress and did cause Plaintiff severe emotional distress.

24  197. The actions of DUMOUCHEL, HALE and LUIS by attempting to keep their
25  actions secret and attempting to prosecute absent probable cause in a criminal
26  proceeding was done with the participation and assistance of multiple parties and
27  were both extreme and outrageous. This level of coordination is violative of 42 U.S.C.
28  § 1985 Sections II and III as  DUMOUCHEL, HALE and LUIS conspired to deprive
29  Plaintiff of equal protection of the laws. Moreover, the offending conduct was either

1   intended to cause severe emotional distress or was undertaken with reckless
2   disregard for the likelihood of causing the Plaintiff severe emotional distress and did
3   cause Plaintiff severe emotional distress.

4   198. ERIC A KEEN acted with malice and with the intent to cause injury to Plaintiff
5   or acted with a willful and conscious disregard for the rights of Plaintiff in a
6   despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award
7   of punitive damages against ERIC A KEEN in his personal capacity.

8   199. RANDALL D WHITE acted with malice and with the intent to cause injury to
9   Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a
10  despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award
11  of punitive damages against RANDALL D WHITE in his personal capacity.

12  200. MAUREEN A DUMOUCHEL acted with malice and with the intent to cause
13  injury to Plaintiff or acted with a willful and conscious disregard for the rights of
14  Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is
15  entitled to an award of punitive damages against MAUREEN A DUMOUCHEL in
16  her personal capacity.

17  201. MELISSA C HALE acted with malice and with the intent to cause injury to
18  Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff in a
19  despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award
20  of punitive damages against MELISSA C HALE in her personal capacity.

21  202. TRACI D LUIS acted with malice and with the intent to cause injury to Plaintiff
22  or acted with a willful and conscious disregard for the rights of Plaintiff in a
23  despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award
24  of punitive damages against TRACI D LUIS in her personal capacity.

25  203. Defendants DOE 2 and 3 acted with malice and with the intent to cause injury
26  to Plaintiff or acted with a willful and conscious disregard for the rights of Plaintiff
27  in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an

1   award of punitive damages against Defendants DOE 2 and 3 in their personal
2   capacity.

3   204. As the direct and proximate result of these Defendants' actions, and conscious
4   failures to act, Plaintiff has suffered, and will continue to suffer, mental and
5   emotional injury, all to an extent and in an amount subject to proof at trial.

6                           **ELEVENTH CLAIM FOR RELIEF**

7   **(MR. LAMONT G. KARRIEM AGAINST DEFENDANT MAUREEN A.**
8   **DUMOUCHEL  for VIOLATION OF CAL CIV CODE 52.1-THE BANE ACT)**

9   205. Plaintiff incorporates by reference the allegations contained in paragraphs 1
10  through 204 above, as if fully set forth here.

11  206. On and before June 07, 2019, Mr. KARRIEM enjoyed the rights and protections
12  guaranteed him under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments
13  to the United States Constitution. MAUREEN A DUMOUCHEL secured Mr.
14  KARRIEM'S physical custody by threat, intimidation or coercion in violation of
15  California Civil Code Section 52.1 by employing illegal means to secure the false
16  arrest of Mr. KARRIEM. DUMOUCHEL accomplished this by unauthorized
17  utilization of the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT and their
18  attendant transportation system; transporting Mr. KARRIEM from the jurisdiction
19  of Los Angeles County to the jurisdiction of COUNTY OF RIVERSIDE, all the while
20  possessing no affidavit or declaration of probable cause.

21  207. The utilization of law enforcement personnel for an unlawful purpose, without
22  judicial authorization, probable cause, or reasonable suspicion is in and of itself;
23  forceful, threatening, intimidating, and   coercive. Deputy District Attorney
24  MAUREEN A DUMOUCHEL orchestrated the false arrest of Plaintiff without
25  legitimate legal process.

26

27

1   208. Deputy District Attorney MAUREEN A DUMOUCHEL instigated or caused the
2   Plaintiff to sustain the injuries complained of herein in her efforts to conceal the
3   federal hate crimes visited upon the Plaintiff at the hands of the Los Angeles County
4   Sheriff's Department and in fealty to the Los Angeles County District Attorney's
5   Office.

6   209. Deputy District Attorney MAUREEN A DUMOUCHEL utilized resources and
7   contacts only made available to her expressly because of her employment with
8   COUNTY OF RIVERSIDE in general and RCDA in particular.

9   210. Deputy District Attorney MAUREEN A DUMOUCHEL either directly or
10   indirectly, used or caused to be used, force, threat, intimidation or coercion as an
11   agent of COUNTY OF RIVERSIDE in general and RCDA in particular in her effort
12   to gain physical custody of Plaintiff, and in that effort deployed the full force of the
13   RIVERSIDE COUNTY SHERIFF'S DEPARTMENT in that endeavor.

14   211. MAUREEN A DUMOUCHEL  acted with malice and with the intent to cause
15   injury to Plaintiff or acted with a willful and conscious disregard for the rights of
16   Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is
17   entitled to an award of punitive damages against MAUREEN A DUMOUCHEL in
18   her personal capacity.

19   212. As the direct and proximate result of these MAUREEN A DUMOUCHEL'S
20   actions, and conscious failures to act, Plaintiff has suffered, and will continue to
21   suffer, mental and emotional injury, all to an extent and in an amount subject to proof
22   at trial.

23

24

25

26

1     **WHEREFORE, MR. LAMONT G. KARRIEM** prays for judgment against all
2     Defendants as follows:

3

4                          **FOR THE FIRST CLAIM FOR RELIEF**

5     1. For compensatory damages, in an amount to be determined according to proof at
6     trial;

7     2. For exemplary and punitive damages against the individual defendants in an
8     amount to be determined according to proof at trial; and

9     3. For attorney fees, costs, and expenses in an amount to be determined according to
10    proof at trial pursuant to 42 *U.S.C.* § 1988.

11

12                       **FOR THE SECOND CLAIM FOR RELIEF**

13    1. For compensatory damages, in an amount to be determined according to proof at
14    trial;

15    2. For exemplary and punitive damages against the individual defendants in an
16    amount to be determined according to proof at trial; and

17    3. For attorney fees, costs, and expenses in an amount to be determined according to
18    proof at trial pursuant to 42 *U.S.C.* § 1988.

19                       **FOR THE THIRD CLAIM FOR RELIEF**

20    1. For compensatory damages, in an amount to be determined according to proof at
21    trial;

22    2. For exemplary and punitive damages against the individual defendants in an
23    amount to be determined according to proof at trial; and

24    3. For attorney fees, costs, and expenses in an amount to be determined according to
25    proof at trial pursuant to 42 *U.S.C.* § 1988.

1

## FOR THE FOURTH CLAIM FOR RELIEF

2     1. For compensatory damages, in an amount to be determined according to proof at
3     trial;

4     2. For exemplary and punitive damages against the individual defendants in an
5     amount to be determined according to proof at trial; and

6     3. For attorney fees, costs, and expenses in an amount to be determined according to
7     proof at trial pursuant to 42 *U.S.C.* § 1988.

8

## FOR THE FIFTH CLAIM FOR RELIEF

9     1. For compensatory damages, in an amount to be determined according to proof at
10    trial;

11    2. For exemplary and punitive damages against the individual defendants in an
12    amount to be determined according to proof at trial; and

13    3. For attorney fees, costs, and expenses in an amount to be determined according to
14    proof at trial pursuant to 42 *U.S.C.* § 1988.

15

## FOR THE SIXTH CLAIM FOR RELIEF

16    1. For compensatory damages, in an amount to be determined according to proof at
17    trial;

18    2. For exemplary and punitive damages against the individual defendants in an
19    amount to be determined according to proof at trial; and

20    3. For attorney fees, costs, and expenses in an amount to be determined according to
21    proof at trial pursuant to 42 *U.S.C.* § 1988.

22

23

24

1                          **FOR THE SEVENTH CLAIM FOR RELIEF**

2    1. For compensatory damages, in an amount to be determined according to proof at

3    trial;

4    2. For exemplary and punitive damages against the individual defendants in an

5    amount to be determined according to proof at trial; and

6    3. Award to Plaintiff punitive damages against all individual non-entity Defendants

7    in their personal capacities, and each of them;

8    4. Award to Plaintiff statutory damages and/or attorney fees against all Defendants

9    as allowed pursuant to California Civil Code 52.1, and California Code of Civil

10   Procedure 1021.5.

11                          **FOR THE EIGHTH CLAIM FOR RELIEF**

12   1. For compensatory damages, in an amount to be determined according to proof at

13   trial;

14   2. For exemplary and punitive damages against the individual defendants in an

15   amount to be determined according to proof at trial; and

16   3. Award to Plaintiff punitive damages against all individual non-entity Defendants

17   in their personal capacities, and each of them;

18   4. Award to Plaintiff statutory damages and/or attorney fees against all Defendants

19   as allowed pursuant to California Civil Code 52.1, and California Code of Civil

20   Procedure 1021.5.

21                          **FOR THE NINTH CLAIM FOR RELIEF**

22   1. For compensatory damages, in an amount to be determined according to proof at

23   trial;

24   2. For exemplary and punitive damages against the individual defendants in an

25   amount to be determined according to proof at trial; and

1    3. Award to Plaintiff punitive damages against all individual non-entity Defendants

2    in their personal capacities, and each of them;

3    4. Award to Plaintiff statutory damages and/or attorney fees against all Defendants

4    as allowed pursuant to California Civil Code 52.1, and California Code of Civil

5    Procedure 1021.5.

6                    **FOR THE TENTH CLAIM FOR RELIEF**

7    1. For compensatory damages, in an amount to be determined according to proof at

8    trial;

9    2. For exemplary and punitive damages against the individual defendants in an

10   amount to be determined according to proof at trial; and

11   3. Award to Plaintiff punitive damages against all individual non-entity Defendants

12   in their personal capacities, and each of them;

13   4. Award to Plaintiff statutory damages and/or attorney fees against all Defendants

14   as allowed pursuant to California Civil Code 52.1, and California Code of Civil

15   Procedure 1021.5.

16                   **FOR THE ELEVENTH CLAIM FOR RELIEF**

17   1. For compensatory damages, in an amount to be determined according to proof at

18   trial;

19   2. For exemplary and punitive damages against the individual defendants in an

20   amount to be determined according to proof at trial; and

21   3. Award to Plaintiff punitive damages against all individual non-entity Defendants

22   in their personal capacities, and each of them;

23   4. Award to Plaintiff statutory damages and/or attorney fees against all Defendants

24   as allowed pursuant to California Civil Code 52.1, and California Code of Civil

25   Procedure 1021.5.

1          **FOR ALL CLAIMS FOR RELIEF**

2

3    1. For costs of suit; and

4    2. For such further relief as the Court may deem just, proper and appropriate.

5

6

7                      **JURY DEMAND**

8

9

10              A. Plaintiff Mr. Karriem requests a trial by jury.

11

12                  Dated this 2nd Day of June 2021

13                        *Pro Se Plaintiff*

14

15

16

17

18                      Lamont Garner Karriem

19                      4965 S. Nellis Blvd #132

20                      Las Vegas, NV  89120



CERTIFIED MAIL

7020 0090 0001 0656 9672

RECEIVED
CLERK, U.S. DISTRICT COURT

JUL - 6 2021

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
ATTN: CLERK
3470 TWELFTH STREET
RIVERSIDE, CA 92501

L. KHADIEM
4965 S. NELLIS BLVD #132
LAS VEGAS, NV 89120